The Honorable Nick Wilson State Senator P.O. Box 525 Pocahontas, AR 72455
Dear Senator Wilson:
This is in response to your request for an opinion concerning the deposit of a city's portion of its county sales tax to a special account for the construction of a county jail.[1] You state that Stone County has been depositing a percentage of its sales tax in the account on a monthly basis for the purpose of constructing a new jail. The county has requested that the City of Mountain View deposit a portion of its county sales tax in the account. Your specific question is as follows:
 Can the City of Mountain View legally contribute to this fund without owning a part of the facility?
My research suggests that the answer to this question may be conditioned upon several considerations. First, A.C.A. §14-19-109 (1987) specifically authorizes counties and cities to ". . . cooperatively and jointly construct, reconstruct, or expand the county jail facility and to jointly and cooperatively provide the necessary funds to match available federal funds therefor." A.C.A. § 14-19-109(b) (1987). While this provision may be cited in support of a city's contribution of funds for the construction of a county jail facility, it apparently will not apply unless there is some joint and cooperative action. It also envisions the use of federal matching funds. See generallyJohnson, Judge v. Cummings, 281 Ark. 229, 663 S.W.2d 168
(1984). I lack sufficient information to determine the applicability of § 14-19-109.
With regard, generally, to the use of county sales tax revenues, several statutes authorizing the levy of a county sales tax include a city's authority to use its proceeds for any purpose for which the city's general funds may be used. See A.C.A. §§26-74-214 (Cum. Supp. 1991) and 26-74-313 (Cum. Supp. 1991). The ballot title may also indicate designated uses, in which case the proceeds shall only be used for the designated purposes. A.C.A. §§ 26-74-208 (Cum. Supp. 1991) and 26-74-308 (Cum. Supp. 1991). You have not indicated under what statutory authority the sales tax was levied. Initial consideration must, in any event, be given to the ballot title. Assuming that one of the above provisions applies, the question then turns to whether a city may use its general funds to support the construction of a county jail.
While a conclusive answer to this question would require a factual inquiry, it is my opinion that the contribution of city funds to construct a county jail could fall within the city's municipal affairs as to which it may exercise full legislative power (so long as not contrary to state law). Cities of the first class may perform any function and exercise full legislative power "in any and all matters of whatsoever nature pertaining to its municipal affairs. . . ." A.C.A. § 14-43-602 (1987). "Municipal affairs" are "all matters and affairs of government germane to, affecting, or concerning the municipality or its government [except the enumerated `state affairs']. . . ." A.C.A. § 14-43-601(a)(1) (1987). The city's use of and access to the proposed county jail facility could, in my opinion, reasonably form a basis for this deposit of city funds. Any concerns with regard to expenditures could, and perhaps should be addressed through agreement. The county's exercise of its authority, under A.C.A. § 12-41-506 (1987), to charge a daily fee to municipalities for keeping city prisoners in the county jail, should perhaps also be addressed. Legitimate questions could be raised otherwise concerning the appropriateness of the city's contribution if the city was also obligated to pay a fee for the housing of each prisoner.
These matters should be addressed by counsel to whom the city ordinarily looks for advice. While I am unable to provide a conclusive answer to your question, the foregoing offers general guidance on the issues posed.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] I assume that the account was established and is maintained by the county. You note that the city is concerned that they would lose control of how and when their deposited monies would be spent.